UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DERRICK LEE SMITH,

        Petitioner,               Case No. 1:18-cv-402

v.                                        Honorable Robert J. Jonker

S.L. BURT,

        Respondent.
_____/

## **OPINION**

### **Introduction**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. This is not Petitioner's first habeas petition attacking his incarceration. This Court has decided fourteen such petitions and, additionally, has transferred two petitions to the Eastern District of Michigan. The Eastern District of Michigan has decided twenty-one such petitions and, additionally, has transferred five petitions to the Sixth Circuit Court of Appeals as second or successive.

The first question this Court must decide is whether this petition should be transferred to the Sixth Circuit under 18 U.S.C. § 2244(b) as second or successive. This Court has jurisdiction to consider and decide whether a numerically second petition is second or successive within the meaning of § 2244(b). *In re Smith*, 690 F.3d 809, 809-810 (6th Cir. 2012). If the petition is second or successive, however, this Court has no jurisdiction to consider the merits unless the Sixth Circuit Court of Appeals authorizes this Court to do so. *Burton v. Stewart*, 549 U.S. 147, 157 (2007). If the petition is second or successive, this Court must, under 28 U.S.C.

§ 1631 and *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), transfer the petition to the Sixth Circuit Court of Appeals so that it might either grant or deny such authorization.

As set forth fully below, because it appears that this petition is neither second nor successive, transfer to the Sixth Circuit Court of Appeals is not necessary. Accordingly, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions that raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

As explained below, this habeas petition is frivolous. Petitioner is serving consecutive sentences imposed at different times. He raises a concern relating solely to the execution of his sentences, specifically, when the first set of sentences ends and the second set of sentences begins. However, the relief Petitioner seeks arises solely under state law. Moreover, if Petitioner prevailed, it would have the potential to extend Petitioner's sentence by a number of years and under no circumstance can it shorten the duration of Petitioner's sentence. Therefore, after undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.   **Factual allegations**

Petitioner Derrick Lee Smith is incarcerated with the Michigan Department of Corrections (MDOC) at the Muskegon Correctional Facility (MCF) in Muskegon, Michigan. Petitioner is serving multiple sentences imposed in separate criminal proceedings in the Wayne County Circuit Court. Petitioner invites the Court to rely upon the MDOC's Offender Tracking Information System (OTIS) with respect to his convictions and sentences. (Pet'r's Br., ECF No. 2, PageID.5) ("If this Court were to review the MDOC's website OTIS[,] the Court will see that the Petitioner is being held illegally . . . .").

OTIS indicates that Petitioner is serving concurrent sentences of 6 to 15 years for two counts of third-degree criminal sexual conduct, consecutive to eight concurrent sentences of 22 years, 6 months to 75 years for six counts of first-degree criminal sexual conduct, and two counts of kidnapping.[1] *See* http://mdocweb.state.mi.us/otis2/otis2.aspx (search MDOC Number 267009) (last visited May 30, 2018).[2] The Wayne County Circuit Court imposed the third-degree criminal (CSC-III) sexual conduct sentences on May 26, 1998, following Petitioner's guilty plea. The CSC-III offenses, convictions, and sentences will be referenced herein as the 1998 offenses, convictions, and sentences. *Id*. The Wayne County Circuit Court imposed the first-degree criminal sexual conduct (CSC-I) and kidnapping sentences on October 29, 2008, following Petitioner's plea of *nolo contendere*. The CSC-I and kidnapping offenses, convictions, and sentences shall be referenced herein as the 2008 offenses, convictions, or sentences. *Id*.

---

[1] Petitioner was paroled on October 4, 2007. *Smith v. Mich. Parole Board et al.*, No. 2:07-cv-14775 (E.D. Mich.) (Pet., ECF No. 1, PageID.2.) He had been out on parole for about three months when he committed the 2008 offenses.

[2] This Court takes judicial notice of the information provided by a search of the MDOC OTIS website with regard to Petitioner. *See, e.g., Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821–22 n.3 (E.D. Mich. 2004).

To determine whether the petition is second or successive, it is necessary to understand the issue Petitioner raises in the petition. The one-page petition is not particularly helpful. It indicates that Petitioner is challenging the 2008 convictions and sentences (Wayne Cty. Cir. Ct. Case No. 08-8639-01-FC). (Pet., ECF No. 1, PageID.1.) The Michigan Court of Appeals and Michigan Supreme Court case numbers Petitioner provides in the petition suggest that Petitioner is attempting to raise in this Court the issues he raised in his third successive motion for relief from judgment in the 2008 Wayne County Circuit Court case.[3]

Petitioner's brief, on the other hand, indicates that he is not challenging any aspect of the 2008 convictions or sentences. Instead, he is challenging the MDOC's refusal to terminate the 1998 sentences. Petitioner asked the MDOC for a termination of sentence with respect to the 1998 convictions, but the MDOC denied his request. (Pet'r's Br., ECF No. 2, PageID.5.) He raised the MDOC's refusal to terminate his 1998 sentences in the Wayne County Circuit Court under the case numbers related to the 1998 sentences. The documents he attaches to his brief indicate that Petitioner raised the issue by way of three motions over the last few months. (Wayne Cty. Cir. Ct. Orders, ECF No. 2-1, PageID.12-17.) The state court denied the motions on October 20, 2017, January 7, 2018, and February 16, 2018, respectively. (*Id.*) The Wayne County Circuit Court denied each motion because it was successive and Petitioner had failed to demonstrate either a retroactive change in the law or new evidence as required by the Michigan Court Rules. (*Id.*); *see also* Mich. Ct. R. 6.502(G).

Petitioner has not appealed any of the denials. By rule, however, there is no appeal from the denial of a successive motion for relief from judgment under Michigan Court Rule 6.500

---

[3] As explained below, such a petition would be second or successive to his petition in *Smith v. Bauman*, 5:10-cv-11052 (E.D. Mich.), and require permission from the Sixth Circuit Court of Appeals before Petitioner could pursue it in this Court.

4

et seq. Mich. Ct. R. 6.502(G)(1) ("A defendant may not appeal the denial or rejection of a successive motion."). Nonetheless, Petitioner has raised the termination of sentence issue in the Wayne County Circuit Court. Because that appears to be the only state-court remedy available to Petitioner, it appears Petitioner has exhausted his state-court remedies.

The gist of Petitioner's habeas petition is that the MDOC is holding Petitioner on the 1998 convictions when the 15-year maximum sentence has already passed. He demands that the MDOC (or this Court) terminate the 1998 sentences on the fifteenth anniversary of his sentence so that he can serve the 2008 sentences.

## II. The petition is not second or successive[4]

Petitioner's current petition is subject to the "second or successive" provision set forth in 28 U.S.C. § 2244(b). *See Cress v. Palmer*, 484 F.3d 844, 852 (6th Cir. 2007). Before a prisoner may file a second or successive application in the district court, he must move in the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A); *see also Tyler v. Cain*, 533 U.S. 656, 661 n.3 (2001).

Petitioner has filed dozens of habeas corpus petitions relating to the 1998 and 2008 convictions and sentences, the denial of parole, and the conditions under which he is confined. This Court and the United States District Court for the Eastern District of Michigan have dismissed all of his prior petitions. A prior dismissal with prejudice has a preclusive effect under § 2244, though a prior dismissal without prejudice does not. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998). Both dismissals on the merits and certain types of decisions reached before a

---

[4] A successive petition raises grounds identical to those raised and rejected in a prior petition. *Kuhlmann v. Wilson*, 477 U.S. 436, 444 n.6 (1986) (plurality) (citing *Sanders v. United States*, 373 U.S. 1, 15-17 (1963)); *Lonberger v. Marshall*, 808 F.2d 1169, 1173 (6th Cir. 1987). A second petition is one which alleges new and different grounds for relief after a first petition was denied. *McCleskey v. Zant*, 499 U.S. 467, 470 (1991); *see also Burger v. Zant*, 984 F.2d 1129, 1132-33 (11th Cir. 1993) (distinguishing second petitions and successive petitions).

merits determination are dismissals with prejudice that have a preclusive effect. *Carlson v. Pitcher*, 137 F.3d 416, 419 (6th Cir. 1997) (citing *Benton v. Washington*, 106 F.3d 162, 164 (7th Cir. 1996)). For example, a dismissal with prejudice based on procedural default is "on the merits" and, thus, a subsequent habeas application would be second or successive. *In re Cook*, 215 F.3d 606, 608 (6th Cir. 2000). Similarly, a dismissal based on the statute of limitations is a decision on the merits, rendering a subsequent application second or successive. *See Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b).").

This Court denied Petitioner's habeas challenge to the 1998 convictions on the merits on August 28, 2007, in *Smith v. White*, 2:06-cv-306 (W.D. Mich.).[5] The United States District Court for the Eastern District of Michigan denied Petitioner's habeas challenge to the 2008 convictions on the merits on March 9, 2016, in *Smith v. Bauman*, 5:10-cv-11052 (E.D. Mich.).[6] Pursuit of any challenge to those convictions or sentences would require permission from the Sixth Circuit Court of Appeals because such a challenge would be second or successive. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in

---

[5] Petitioner filed other petitions relating to the 1998 convictions: *Smith v. Vasbinder*, 2:04-cv-74577 (E.D. Mich.) (dismissed as unexhausted); *Smith v. Howes*, No. 2:05-cv-73868 (E.D. Mich.) (same); *Smith v. White*, No. 2:07-cv-10095 (E.D. Mich.) (dismissed as duplicative of *Smith v. White*, No. 2:06-cv-306 (W.D. Mich.)).

[6] Petitioner filed other petitions relating to the 2008 convictions: *Smith v. Berghuis*, 1:14-cv-492 (W.D. Mich.) (dismissed as duplicative of *Smith v. Bauman*, No. 5:10-cv-11052 (E.D. Mich.)); *Smith v. Palmer*, No. 2:11-cv-12765 (E.D. Mich.) (same); *Smith v. Ludwick*, No. 2:09-cv-14936 (E.D. Mich.) (dismissed as unexhausted); *Smith v. Evans et al.*, No. 2:08-cv-11188 (E.D. Mich.) (same); *Smith v. Palmer*, No. 5:12-cv-10958 (E.D. Mich.) (dismissed as noncognizable); *Smith v. Palmer*, No. 5:12-cv-12605 (E.D. Mich.) (dismissed as duplicative of *Smith v. Bauman*, No. 5:10-cv-11052 (E.D. Mich.)); *Smith v. Berghuis*, 2:13-cv-13863 (E.D. Mich.) (same); *Smith v. Palmer*, No. 2:17-cv-12115 (E.D. Mich.) (transferred to Sixth Circuit); *Smith v. Warden*, No. 5:17-cv-10806 (E.D. Mich.) .) (dismissed as duplicative of *Smith v. Bauman*, No. 5:10-cv-11052 (E.D. Mich.)).

the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Petitioner has also filed a number of habeas petitions that related to prison conditions or misconduct determinations. Courts have dismissed those petitions because the issues raised were not cognizable on habeas review.[7] Additionally, Petitioner has filed a number of petitions relating to the denial of parole.[8] Petitioner also filed one petition relating to a first-degree murder conviction and sentence. *See Smith v. MacLaren*, No. 2:15-cv-193 (W.D. Mich.) Petitioner reports he was sentenced for the offense on the same day as his 2008 convictions; but the Court can find no record of that conviction or sentence. Finally, Petitioner filed one petition that did not indicate what state action he was challenging or why he was challenging it. *Smith et al., v. Harry et al.*, No. 2:16-cv-10285 (E.D. Mich.).

If the petition is second or successive, this Court must transfer it to the Sixth Circuit for authorization. "The phrase 'second or successive' is not self-defining." *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007). Instead, it is a "term of art" that is "given substance" by the Supreme Court's habeas cases. *Slack v. McDaniel*, 529 U.S. 473, 486 (2000). The Supreme Court "has declined to interpret 'second or successive' as referring to all § 2254 applications filed second or successively in time, even when the later filings address a state-court judgment already challenged

---

[7] *See Smith v. Berghuis*, No. 1:13-cv-225 (W.D. Mich.); *Smith v. Heyns et al.*, No. 1:13-cv-1305 (W.D. Mich.); *Smith v. Jackson*, No. 1:16-cv-423 (W.D. Mich.); *Smith v. Dietz et al.*, No. 1:17-cv-314 (W.D. Mich.); *Smith v. Parson et al.*, 1:17-cv-833 (W.D. Mich.); *Smith v. Burt*, No. 1:17-cv-1082 (W.D. Mich.); *Smith et al. v. Ludwick et al.*, No. 2:09-cv-10393 (E.D. Mich.); *Smith v. Michigan Parole Board et al.,* No. 2:07-cv-14775 (E.D. Mich.) (transferred to Sixth Circuit); *Smith v. Heyns et al.,* 2:13-cv-14013 (E.D. Mich.) (transferred to Sixth Circuit); *Smith v. Heyns et al.,* 5:13-cv-14988 (E.D. Mich.); *Smith v. Jackson et al.,* No. 2:16-cv-12660 (E.D. Mich.); *Smith v. Ludwick et al*, No. 2:10-cv-10668 (E.D. Mich.); *Smith v. Hoffner*, No. 2:14-cv-14962 (E.D. Mich.); *Smith v. Mich. Dep't of Corr.*, No. 4:14-cv-14790 (E.D. Mich.); *Smith v. Hoffner et al.*, No. 5:14-cv-14067 (E.D. Mich.).

[8] *See Smith v. Sherry,* No. 2:06-cv-234 (W.D. Mich.); *Smith v. White*, No. 2:07-cv-28 (W.D. Mich.) (dismissed as duplicative of *Smith v. Sherry*, No. 2:06-cv-234 (W.D. Mich.)); *Smith v. Rubitschun et al.*, No. 2:07-cv-76 (W.D. Mich.); *Smith v. Vasbinder*, No. 2:05-cv-72557 (E.D. Mich.); *Smith v. Sherry et al*, No. 2:06-cv-11167 (E.D. Mich.) (transferred to Sixth Circuit); *Smith v. Mich. Parole Board et al.*, No. 2:07-cv-10875 (E.D. Mich.) (same).

7

in a prior § 2254 application." *Panetti*, 551 U.S. at 944 (citing *Slack*, 529 U.S. at 487); *see also In re Bowen*, 436 F.3d 699, 704 (6th Cir. 2006) ("The Supreme Court has made clear that not every numerically second petition is 'second or successive' for purposes of AEDPA."); *In re Cook*, 215 F.3d at 607 ("[T]he fact that he has already filed one § 2254 application is not necessarily determinative of whether the current attempt is a 'second or successive' application." (internal punctuation omitted)).

Petitioner raised the "termination of sentence" claim in *Smith v. Bauman*, No. 2:15-cv-90 (W.D. Mich.). This Court dismissed Petitioner's claim as unripe because he had failed to exhaust his state court remedies. A claim raised in a prior petition that was dismissed as unripe is not barred by § 2244(b). *Stewart*, 523 U.S. at 644 ("[N]one of our cases . . . have ever suggested that a prisoner whose habeas petition was dismissed for failure to exhaust state remedies, and who then did exhaust those remedies and returned to federal court, was by such action filing a successive petition. A Court where such a petition was filed could adjudicate these claims under the same standard as would govern those made in any other first petition."). Thus, the fact that Petitioner raised his termination of sentence issue in a prior petition, a petition that this Court dismissed as unripe, does not render the present petition second or successive.

Nor is the present petition second or successive to his other petitions because he was not in a position to raise this particular issue any earlier. The federal courts of appeals have consistently determined that claims relating to the execution of a sentence that could not have been raised in prior petitions should not be determined to be second or successive to a previously filed § 2254 challenge to the constitutionality of the conviction or imposition of sentence. *See Restucci v. Bender*, 599 F.3d 8, 9-10 (1st Cir. 2010); *James v. Walsh*, 308 F.3d 162, 167-168 (2d Cir. 2002); *Benchoff v. Colleran*, 404 F.3d 812, 817-819 (3d Cir. 2005); *In re Wright*, 826 F.3d 774, 793-95

8

(4th Cir. 2016); *In re Cain*, 137 F.3de 234, 236-237 (5th Cir. 1998); *In re Tibbetts*, 869 F.3d 403, 405-406 (6th Cir. 2017); *Crouch v. Norris*, 251 F.3d 720, 724-725 (8th Cir. 2001); *Hill v. State of Alaska*, 297 F.3d 895, 898-899 (9th Cir. 2002); *Tuggle v. Addison*, 247 F. App'x 155, 157-158 (10th Cir. 2007); *Medberry v. Crosby*, 351 F.3d 1049, 1061-1062 (11th Cir. 2003). The state trial court did not rule on Petitioner's motion for relief from judgment that included his "termination of sentence" claim until January of 2018; therefore, the claim was not ripe until that time. Accordingly, the present petition is not second or successive to any of Petitioner's prior petitions and 28 U.S.C. § 2244(b) does not bar review of the petition by this Court.

### III. The AEDPA

If Petitioner were a federal prisoner, the proper statutory foundation of a challenge to the execution of his sentence would be 28 U.S.C. § 2241. *Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006). Because Petitioner is a state prisoner, however, even a challenge to the execution of his sentence is grounded in 28 U.S.C. § 2254. *In re Owens*, 525 F. App'x 287, 290 (6th Cir. 2013); *see also Allen*, 185 F. App'x at 490. Any challenge under § 2254 is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA).

The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an

unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in

10

their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656.

### IV. Termination of a sentence is a state law issue

This Court must "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68.

Petitioner's complaint about the MDOC's denial of his request for a termination of sentence, however, refers only to state law--Michigan's statutes and the MDOC's policy directives regarding the running of consecutive minimum and maximum sentences and, therefore, the determination of an inmate's earliest release date and maximum discharge date. There is no doubt that the State has the authority to hold Petitioner in custody at this time because he has not finished serving even the combined minimum terms of his consecutive sentences, let alone the combined

11

maximums. Accordingly, there is nothing but a series of state law issues and no constitutional claim.

## V. The state law theories are of no help to Petitioner in any event

The Michigan statute regarding eligibility for parole and discharge provides:

> If a prisoner other than a prisoner subject to disciplinary time is sentenced for consecutive terms, whether received at the same time or at any time during the life of the original sentence, the parole board has jurisdiction over the prisoner for purposes of parole when the prisoner has served the total time of the added minimum terms, less the good time and disciplinary credits allowed by statute. The maximum terms of the sentences must be added to compute the new maximum term under this subsection, and discharge must be issued only after the total of the maximum sentences has been served less good time and disciplinary credits, unless the prisoner is paroled and discharged upon satisfactory completion of the parole.

Mich. Comp. Laws § 791.234.[9]

OTIS indicates that Petitioner's earliest release date, the date he is eligible for parole under Mich. Comp. Laws § 791.234(3), is April 28, 2031. That date is exactly 22 years, 6 months—his minimum 2008 sentence—after his 2008 sentence date of October 29, 2008. That makes sense because, when the trial court sentenced Petitioner for the 2008 offenses, he had already served the minimum (though not the maximum) on the 1998 sentences. That is Petitioner's best-case scenario.

OTIS indicates that Petitioner's maximum discharge date—his worst-case scenario—is May 22, 2086. Under that scenario, Petitioner would be serving his 1998 sentences

---

[9] MDOC policy directives indicate that Petitioner is subject to disciplinary time on the 2008 convictions, but not on the 1998 convictions. MDOC Policy Directive 03.01.105 (eff 7/10/2017). Petitioner is apparently eligible to earn disciplinary credits on the 1998 sentences but not on the 2008 sentences. MDOC Policy Directive 03.01.101. The evolution of sentence reduction credits (good time credits, special good time credits, disciplinary credits and special disciplinary credits) in Michigan is explained in *People v. Fleming*, 410 N.W.2d 266, 272 n.6 (Mich. 1987); *see also People v. Tyrpin*, 710 N.W.2d 260, 262 (Mich. Ct. App. 2005); *Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011); Mich. Comp. Laws §§ 800.33 and 800.34.

until May 22, 2011, the maximum term, at which point he would begin to serve the 2008 sentence with a maximum term of 75 years.

Petitioner asks this Court to order the MDOC to terminate his 1998 sentences 15 years after May 26, 1998, the date they were imposed, which would be the maximum term of the 1998 sentences. But if the Court ordered that relief, Petitioner would not begin to serve his 2008 sentences until May 26, 2013, and Petitioner's earliest release date would be November 25, 2035, almost four and one-half years later than OTIS presently indicates. Petitioner's maximum release date would be May 25, 2088, more than two years later than OTIS presently indicates. The differences in the earliest release date flows from two distinct errors in Petitioner's reasoning.

First, the Michigan statute regarding parole eligibility affords the parole board maximum flexibility in deciding when to terminate the first sentence in a consecutive string of sentences.

> If a prisoner other than a prisoner subject to disciplinary time has 1 or more consecutive terms remaining to serve in addition to the term he or she is serving, the parole board may terminate the sentence the prisoner is presently serving at any time after the minimum term of the sentence has been served.

Mich. Comp. Laws § 791.234. MDOC Policy Directive 03.01.135 regarding Discharge/Termination of Sentence reinforces that flexibility:

> [I]f an offender is serving consecutive sentences, none of the sentences which are part of the consecutive string shall be terminated until all sentences in that string have been served.

MDOC Policy Directive 03.01.135, ¶ MM (Eff. 1/23/2014).[10] Petitioner, by attempting to fix the termination of his first sentence at the maximum term of that sentence, eliminates the flexibility

---

[10] The Michigan legislature has limited that flexibility in one instance: where an inmate is sentenced to a consecutive sentence for prison escape. In that circumstance, the MDOC must terminate the first sentence before the inmate begins to serve the consecutive sentence for escape. *See Lickfeldt v. Mich. Dep't of Corr.*, 636 N.W.2d 272 (Mich. Ct. App. 2001); Mich. Comp. Laws § 750.193.

13

the statute and policy directive give the parole board to terminate his first sentence at the earliest possible date. That error in reasoning accounts for approximately two and one-half years of the four and one-half year difference in the earliest release dates.

Petitioner's second error in reasoning accounts for the remaining two year difference in the earliest release date and the entirety of the delay in his maximum discharge date. The two year delay follows from Petitioner's failure to take into account the days of credit (142) he was given when the 1998 sentences were imposed and the disciplinary credits he earned on the 1998 sentences (apparently almost 600 days).

Finally, Petitioner's position also conflates two distinct concepts in Michigan sentencing: "terminate" and "expiration." Petitioner assumes that because he is still confined and because the MDOC refuses to terminate the 1998 sentences that he must be confined under the 1998 sentences. MDOC Policy Directive 03.01.135 explains why that is not necessarily so, and Michigan case law confirms that a refusal or failure to terminate a sentence does not mean a sentence continues forever. Even if a sentence is not "terminated," it still expires. *See Lickfeldt v. Mich. Dep't of Corr.*, 636 N.W.2d 272, 275-276 (Mich. Ct. App. 2001); *People v. McLaurin*, No. 255744, 2005 WL 3439823, at *5 (Mich. Ct. App. Dec. 15, 2005). Petitioner's 1998 sentences have expired, even though the MDOC has not terminated them. He is presently serving his 2008 sentences. The OTIS statements of his earliest release date and maximum discharge date reflect that fact.

The issue of when the Michigan Parole Board or MDOC may or must terminate a sentence is purely a matter of state law. Application of that state law in Petitioner's case has no federal constitutional implications. A proper habeas corpus application challenges "the very fact or duration . . . of physical imprisonment and . . . [it] seeks immediate release or a speedier release

from that imprisonment." *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973). The resolution of Petitioner's claim as he requests will not result in the immediate or speedier release of Petitioner. There is simply no circumstance where Petitioner's requested relief would operate to his benefit; to the contrary, the relief he seeks would create a new worst-case scenario for him, adding 2 years to his maximum discharge date. Petitioner has failed to raise a meritorious federal claim.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack*, 529 U.S. at 473. *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  June 13, 2018              /s/ Robert J. Jonker
                                   ROBERT J. JONKER
                                   CHIEF UNITED STATES DISTRICT JUDGE